Tlie opinion of the Court was delivered by
Fenner, J.
This case is a sequel to tlie suit of Calhoun vs. Levy, decided by us and reported in 33 A. 1297, and is an action to revive a judgment, instituted more than ten years after its rendition.
The defense of prescription is interposed, which plaintiff avoids by proof of an interruption thereof, resulting from a citation of the defend *414 ants in a former action to revive the judgment, which was brought within the prescriptive term, but before an incompetent court.
In tine case above referred to, on rehearing, although we did not then definitively decide the question of prescription, we had occasion to consider the legal principles applicable thereto. We there said .-
“ If the prescription of judgments and of actions to revive them, is subject to the same modes of interruption as apply to the prescription of all other rights and actions, it is clear that citation, even before an incompetent court, does operate such interruption. C. C. 3518,3551.
“ It has been held by our predecessors that the Statute of 1853, now C. C. Art. 3547, did not provide an exclusive mode of preventing the prescription of judgments, but left such prescription subject to all the other modes of interruption provided by law.' 30 A. 1071.
“ We fully concur in the doctrine of that case. The Act of 1858, now Art. 2278, C. C., provides that ‘ parol evidence shall not be received to prove any acknowledgment or promise to pay any judgment * * ” for the purpose, or in order to take such judgment out of prescription, or to revive the same after prescription has run or been completed.’ It is impossible to reconcile this Article with the theory that the mode provided in Art. 3547 is exclusive of other modes of interrupting the prescription of judgments.
“ If, then, the prescription of this judgment was interrupted by the-citation heretofore referred to, the action to revive yet lies under the very terms of the proviso of Art. 3547, which says : ‘ Any party interested in any judgment may have the same revived, at any time before it is prescribed, by having a citation issued, etc.’” Calhoun vs. Levy, 33 A. 1297.
We have attentively considered the arguments of defendants’ counsel without finding reason to change the views above expressed. We can discover no possible authority possessed by us to hold that the word “revive,” as used in the last paragraph of the first Section of C. 0. 2278, is used by mere clerical error, in lieu of the word “ recover.” employed in the Act of 1858, and in Section 1441, R. S. The Code prevails over the Statutes, R. S. 3990. We are bound to consider that the change was purposely and advisedly made, and, so considered, the circumstance greatly strengthens the construction placed by this Court upon the law.
We find no force in the objection that the effect of the citation in the first suit to revive, brought in the Rapides Court as an interruption of prescription, is destroyed by the Section 4 of Act 26, Ex. Sess. 1870, declaring that all actions taken in that court without reference to suits-transferred to Grant Parish, “ shall be null and void.” This merely declares the effect of the incompetency of the court, but the citation; *415 before a court of justice, however incompetent and however null and ■void its proceedings thereon may be, yet interrupts prescription.
It is said, however, that plaintiff’s original judgment ceased to exist, by reason of the destruction by fire of the records of Grant Parish in 3873, and again in 1878, and by.reason of the failure of jdaintiff to reestablish his record, in the manner, and within the time prescribed in Acts 28 of 1875, and 29 of 1879.
Those Acts merely provided .a special way of reestablishing records thus destroyed, and the lapse of the time within which that course might be pursued, merely deprived parties of that particular mode of relief. They imposed no such penalty as the destruction of judgments, and no deprivation of the right to establish them in other modes existing independently of those Statutes. Plaintiff here has established his original judgment in all its essentials, by full proof, not oven ■objected to.
Objection is made that the service of the first citation to revive is not sufficiently proved, because the capacity of the deputy sheriff making the return of service is not proved. The citation and the •return thereon, were offered and received without objection, and the official capacity of the returning' officer was not denied or questioned. The presumption of omnia rite acta covers the case.
Finally, a special defense is set up by the succession of Meredith Calhoun,that plaintiff’s original judgment, as against it, was invalid, because rendered on the confession of his co-defendant, W. S. Calhoun, ¿acting as agent of Meredith Calhoun, but, as is alleged, without authority to confess the judgment.
After some controversy, this Court has settled the doctrine that objections of this character may be urged in bar of an action to revive. Conery vs. Rotchford, 30 A. 692; Laurent vs. Beelman, id. 363; King vs. Pickett, 32 A. 1006.
An examination of these cases, however, shows that the doctrine rests on the principle that the law only contemplates the revival of judgments, and that when it is shown that the pretended judgment is an absolute nullity, and, therefore, no judgment at all, it cannot be revived.
But, under the very terms of C. C. 3547, the burden of proof in support of such objections rests conclusively on the defendant. The revival must take place unless he “ show good cause why the judgment should not be revived,” and when he alleges, as such good cause, that the judgment is an absolute nullity, he must prove it. The judgment here was rendered on the confession of W. S. Calhoun, the co-defendant and admitted general agent of Meredith Calhoun, who is now one of his heirs, and the administrator of his estate, and who, in the latter *416 capacity, now avers that his own act was unauthorized. He is himself the only witness, anti he says simply : “ the power of attorney marked C. is the power under which I confessed judgment for my father. ^ “ My father was in France at the time.” It is not necessary to determine whether the very full and general power referred to embraces the authority to confess judgment. Even if it does not, does the testimony above stated establish the absolute nullity of the judgment? We think it is clearly insufficient. Admitting that he considered himself as acting under that power, he might well have had other sufficient v&rbal authority, and even if he did not, it is possible, and even natural and probable, that his action may have been communicated to his father and approved and ratified by him.
The nullity of the judgment does not necessarily result from the evidence, and the cause shown not being established, the judgment must he revived.
Judgment affirmed at appellants’ cost.